# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BATOR et al., | No. 2:19-cv-00018-TLN-EFB |
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFFS' EMERGENCY MOTION FOR INJUNCTION** |
| KAREN DIXON et al., | |
| Defendants. | |

This matter is before the Court pursuant to a motion for emergency injunction filed by Plaintiffs Anthony Bator, in his individual capacity and in his capacity as executive trustee of North American Conservation Trust; Irene Bator in her capacity as executive trustee of North American Conservation Trust; and Bator Mining ("Plaintiffs"). (ECF No. 1.) Anthony Bator is currently incarcerated at Centinela State Prison, and Plaintiffs are proceeding *in propria persona*. (ECF No. 1.) Plaintiffs' motion is titled "Emergency Motion for Injunction to Stay Sale of Mine Scheduled for January 9, 2019." (ECF No. 1 at 1.) For the reasons discussed below, Plaintiffs' motion is DENIED.

///
///
///
///

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their motion on January 3, 2019. (ECF No. 1.) The motion requests that the Court "stay the sale" of property Plaintiffs contend belongs to Anthony Bator and to North American Conservation Trust. (ECF No. 1 at 4.) Plaintiffs state that the property to be auctioned consists of a mine and associated equipment, and that said auction is scheduled for January 9, 2019. (ECF No. 1 at 4.) Plaintiffs allege that the upcoming mine sale is the result of members of the legal community in Siskiyou County conspiring against the Bator family in retaliation for the family's filing of a 2016 federal lawsuit that challenged "the illegal taking of the Bator child in 2011." (ECF No. 1 at 2.) Specifically, Plaintiffs allege that in litigation brought against them in Siskiyou County Superior Court, Judge Karen Dixon "ruled in violation of the law and the rights of Anthony J. Bator and North American Conservation Trust" by ordering the sale of their mine. (ECF No. 1 at 3.) Judge Dixon is named as a defendant in the instant action, as is one "SHERIFF LOPEY," who the Court presumes to be Siskiyou County Sheriff Jon E. Lopey. (ECF No. 1 at 1.)

Though Plaintiffs title their filing as an "Emergency Motion for Injunction," the circumstances, timing, and posture of this case compel the conclusion that Plaintiffs' true intent is to obtain a temporary restraining order ("TRO") halting the sale of their mine. (ECF No. 1 at 1.) Since the sale of Plaintiffs' property is apparently scheduled for January 9, 2019, adjudicating Plaintiffs' filing as a motion for preliminary injunction would necessarily postpone a decision about whether to enter the requested injunction until well after the sale that Plaintiffs claim would irreparably harm them. (ECF No. 1.) This is because the Local Rules of the U.S. District Court for the Eastern District of California require that a motion for preliminary injunction "shall be noticed on the motion calendar of the assigned Judge," with any written opposition to the motion due not less than fourteen days prior to the noticed hearing date and any reply to such opposition due not less than seven days prior to the noticed hearing date. L.R. 230(b)–(d); L.R. 231(d)(1). Motions need not be noticed on the motion calendar when one party is incarcerated and proceeding *in propria persona*, but any opposition to granting the motion must still be served and filed not more than twenty-one days after the date of service of the motion. L.R. 230(l); L.R.

231(d)(1). Hence, the earliest that a motion for preliminary injunction could realistically be heard by the Court would be toward the end of January—long after the sale of Plaintiffs' property that is scheduled to occur on January 9. (ECF No. 1.)

Accordingly, the Court will construe Plaintiffs' motion as an *ex parte* request for a TRO.

## II. STANDARD OF LAW

A district court may issue a TRO without notice to the adverse party if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). "[T]he legal standards applicable to TROs and preliminary injunctions are 'substantially identical.'" *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir.) (quoting *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)), *reconsideration en banc denied*, 858 F.3d 1168 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 448 (2017).

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id*. at 20. A plaintiff must "make a showing on all four prongs" of the *Winter* test to obtain a preliminary injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). "[E]conomic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award." *Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991).

Furthermore, a party seeking a TRO in this judicial district must comply with the Local Rules, which require that the following items be filed along with a request for a TRO:

1. A complaint;
2. A motion for TRO;

|   |   |   |
|---|---|---|
| 1 | 3. | A brief on all relevant legal issues; |
| 2 | 4. | An affidavit setting forth the substantial injury that will result in the absence of a |
| 3 |   | TRO; |
| 4 | 5. | An affidavit detailing the notice given to affected parties or setting forth why good |
| 5 |   | cause exists to excuse any lack of notice provided to affected parties; |
| 6 | 6. | A proposed TRO with a provision for a bond; |
| 7 | 7. | A proposed order with blanks allowing the Court to fill in the date and time for |
| 8 |   | hearing a motion for preliminary injunction, the deadline for filing responsive |
| 9 |   | briefing, the amount of the bond to be set, and the date and hour of issuance; and |
| 10 | 8. | If a TRO is requested *ex parte*, inclusion in the proposed order of language |
| 11 |   | notifying the affected parties of the right to apply to the issuing court for the |
| 12 |   | TRO's modification or dissolution on two days' notice or on such shorter notice as |
| 13 |   | the Court may allow. |

L.R. 231(c).

### III. ANALYSIS

#### A. Procedural Deficiencies

Plaintiffs fail to satisfy the procedural prerequisites for obtaining a TRO. Even if the Court were to construe Plaintiffs' "Emergency Motion for Injunction to Stay Sale of Mine Scheduled for January 9, 2019" as a combined complaint, motion for TRO, and brief on all relevant legal issues as required by the Eastern District's Local Rules, Plaintiffs have not satisfied the remaining procedural prerequisites for issuance of a TRO. (ECF No. 1); L.R. 231(c). Specifically, Plaintiffs have not submitted an affidavit outlining the substantial injury that would befall them in the absence of a TRO, let alone an affidavit detailing their attempts to provide notice to the affected parties or setting forth the good cause that exists for their failure to provide such notice. *See* L.R. 231(c). Nor does the proposed order submitted by Plaintiffs contain any provisions for issuing a bond, for scheduling the filing of responsive papers, or for notifying the affected parties of their right to apply for an order modifying or dissolving the TRO. *See* L.R. 231(c).

These procedural failings alone are sufficient to justify denial of Plaintiffs' request. *See Holcomb v. Cal. Bd. of Psychology*, No. 215-cv-02154-KJM-CKD, 2015 WL 7430625, at *3 (E.D. Cal. Nov. 23, 2015) (indicating that the district court had previously "denied plaintiff's motion [for TRO and preliminary injunction] without prejudice for failure to provide the required documents in compliance with Local Rule 231(c)").

B. Substantive Deficiencies

Substantively, Plaintiffs' request also falls short. For instance, Plaintiffs claim that if the Court does not enter a TRO, they will be "irreparably damaged by the sale" of their mine and mining equipment. (ECF No. 1 at 4.) Plaintiffs make no attempt to demonstrate why such a sale would not be entirely remediable by a damages award, and have therefore failed to carry their burden of demonstrating irreparable injury in the absence of a TRO. *Rent-A-Ctr., Inc.*, 944 F.2d at 603. Because Plaintiffs fail to set forth "specific facts" that "clearly show" irreparable injury in the absence of a TRO, Fed. R. Civ. P. 65(b)(1)(A), they fail to "make a showing on all four prongs" of the required four-part test for obtaining a TRO, *Alliance for the Wild Rockies*, 632 F.3d at 1135.

IV. CONCLUSION

For the reasons discussed above, Plaintiffs' emergency motion for injunction, (ECF No. 1), is DENIED without prejudice.

IT IS SO ORDERED.

Dated: January 8, 2019

Troy L. Nunley
United States District Judge

5