UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BATOR et al., | No. 2:19-cv-0018-TLN-EFB PS |
| Plaintiffs, | |
| v. | ORDER TO SHOW CAUSE |
| KAREN DIXON et al., | |
| Defendants. | |

Defendant Karen Dixon filed a motion to dismiss plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), which she noticed for hearing on March 27, 2019. ECF No. 7. Plaintiffs subsequently requested an extension of time to file an opposition to the motion. ECF No. 12. That request was granted, the hearing on the motion was continued to May 1, 2019, and plaintiffs were directed to file an opposition by no later than April 17, 2019. ECF No. 13.

That deadline has passed and plaintiffs have not filed an opposition or a statement of non-opposition to defendant Dixon's motion. Local Rule 230(c) provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be grounds for dismissal, judgment by default, or other appropriate sanctions. Local Rule 110 provides that

1

failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, it is hereby ORDERED that:

1. The hearing on defendant Dixon's motion to dismiss is continued to May 29, 2019 at 10:00 a.m. in Courtroom No. 8.

2. Plaintiffs shall show cause, in writing, no later than May 15, 2019, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to defendant's motion.

3. Plaintiffs shall file an opposition to the motion, or a statement of non-opposition thereto, no later than May 15, 2019.

4. Failure to file an opposition to the motion will be deemed a statement of non-opposition thereto, and may result in a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with court orders and this court's Local Rules. *See* Fed. R. Civ. P. 41(b).

5. Defendant Dixon may file a reply to plaintiffs' opposition, if any, on or before May 22, 2019.

DATED: April 23, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE