UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BATOR, et al., | No. 2:19-cv-0018-TLN-EFB PS |
| Plaintiffs, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| KAREN DIXON, et al., | |
| Defendants. | |

This case is before the court on defendant Karen Dixon's motion to dismiss plaintiffs Anthony Bator and Irene Bator's complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6) (ECF No. 7), and the court's April 23, 2019 order directing plaintiffs' to show cause why sanctions should not be imposed for failure to timely file a response to defendant Dixon's motion (ECF No. 14).[1] Plaintiffs have also filed a first amended complaint, which the court construes as a motion for leave to amend the complaint. ECF No. 15. For the following reasons, the order to show cause is discharged and it is recommended that defendant Dixon's motion to dismiss be granted and plaintiffs' motion be denied.[2]

---

[1] This case, in which plaintiffs are proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1)

[2] The court determined that oral argument would not be of material assistance in resolving Dixon's motion and it was submitted without oral argument pursuant to Local Rule 230(g).

1

I.  Background

Plaintiffs bring this action against defendants Karen Dixon, a state court judge, and Siskiyou County Sheriff Jon Lopez. Their complaint, which is styled as a "Complaint Title 42 Section 1983 Emergency Ex Parte Motion for Injunction to Stay Sale of Mine Scheduled for January 9, 2019,"[3] concerns a state court action over which defendant Judge Karen Dixon presided. ECF No. 1. Plaintiffs claim that in the state court action Judge Dixon improperly dismissed their cross-complaint and entered judgment against them in the amount of $13 million. *Id*. at 49, 73. Judge Dixon also allegedly ordered the judgment be satisfied, at least in part, by the sale of a mine and mining equipment owned by plaintiff Anthony Bator and the North American Conservation Trust. *Id*. Plaintiffs allege that Judge Dixon "ruled in violation of the law and the rights of Anthony J. Bator and North American Conservator Trust" by ordering the sale of the mine, which was scheduled for January 9, 2019. *Id*. at 3-4. The complaint, which does not identify any specific cause of action, requests that this court enjoin that sale. *Id*. at 4.

Judge Dixon filed her motion to dismiss plaintiffs' complaint for lack of jurisdiction and failure to state a claim and noticed it for hearing on March 27, 2019. ECF No. 7. Plaintiffs were subsequently granted an extension of time to respond to the motion, and the hearing was continued to May 1, 2019. Despite receiving an extension, plaintiffs failed to timely file a response to Judge Dixon's motion. Accordingly, the hearing was continued again, and plaintiffs were ordered to show cause why sanctions should not be imposed for their failure to timely respond to pending motion. ECF No. 14. Plaintiffs were also ordered to file an opposition or statement of non-opposition to the motion by no later than May 15, 2019. *Id*. Plaintiffs filed a response to the court's order to show cause (ECF No. 17), but they did not file an opposition or statement of non-opposition to the motion. Instead, plaintiffs filed a first amended complaint, which the court construes as a motion for leave to amend the compliant. ECF No. 15.

/////

/////

---

[3] The court previously construed the complaint to include a request for a temporary restraining order, which was denied. ECF No. 4.

2

II. Order to Show Cause

In response to the court's order to show cause, plaintiffs claim that they were unable to timely file a response to Judge Dixon's motion because Centinela State Prison, where Anthony Bator is currently incarcerated, was on lockdown for a five-week period and Ellen Bator's mother recently passed away. ECF No. 17. In light of those representations, the order to show cause is discharged and no sanctions are imposed.

III. Motion to Dismiss

Judge Dixon's motion to dismiss for lack of jurisdiction argues plaintiffs' claims are barred by the Eleventh Amendment and the *Rooker-Feldman* doctrine. ECF No. 7 at 3-5. She also argues that the complaint must be dismissed for failure to state a claim because she is entitled to judicial immunity. *Id*. at 5-6. As discussed below, plaintiffs' claims are clearly barred by the *Rooker-Feldman* doctrine as well as absolute judicial immunity. Accordingly, the complaint must be dismissed.

A. Rule 12(b)(1) Standards

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

A motion to dismiss pursuant to Rule 12(b)(1) seeks dismissal for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, plaintiff bears the burden of proof that jurisdiction exists. *See, e.g., Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995); *Thornhill Pub. Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Different standards apply to a 12(b)(1) motion, depending on the manner in which it is made. *See, e.g., Crisp v. United States*, 966 F. Supp. 970, 971-72 (E.D. Cal. 1997). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "asserts that the lack of subject matter jurisdiction is apparent from the face of the complaint." *Id*. If the motion presents a facial attack, the court considers the complaint's allegations to be true, and plaintiff enjoys "safeguards akin to those applied when a Rule 12(b)(6) motion is made." *Doe v. Schachter*, 804 F. Supp. 53, 56 (N.D. Cal. 1992).

Conversely, a factual attack, often referred to as a "speaking motion," challenges the truth of the allegations in the complaint that give rise to federal jurisdiction and the court does not presume those factual allegations to be true. *Thornhill*, 594 F.2d at 733. Although the court may consider evidence such as declarations or testimony to resolve factual disputes, *id*.; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), genuine disputes over facts material to jurisdiction must be addressed under Rule 56 standards. "[W]hen ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment. Under this standard, the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Trentacosta v. Frontier Pacific Aircraft Industries, Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987) (quotations and citations omitted) (emphasis added).

Judge Dixon advances a facial attack, arguing that the allegations of plaintiffs' complaint demonstrate jurisdiction is absent and that the claims are barred by judicial immunity.

B. <u>Discussion</u>

The *Rooker-Feldman* doctrine bars jurisdiction in federal district court if the exact claims raised in a state court case are raised in the subsequent federal case, or if the constitutional claims

presented to the district court are "inextricably intertwined" with the state court's denial of relief. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898-99 (9th Cir. 2003) (quoting *Feldman*, 460 U.S. at 483 n. 16). *Rooker-Feldman* thus bars federal adjudication of any suit where a plaintiff alleges an injury based on a state court judgment or directly appeals a state court's decision. *Id*. at 900 n.4. Quite simply, the federal district courts lack subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case. *Allah v. Superior Court of State of California*, 871 F.2d 887, 891 (9th Cir. 1989); *see also Branson v. Nott*, 62 F.3d 287, 291-92 (9th Cir. 1995) (finding no subject matter jurisdiction over section 1983 claim seeking, *inter alia*, implicit reversal of state trial court action). "That the federal district court action alleges the state court's action was unconstitutional does not change the rule." *Feldman*, 460 U.S. at 486.

Here, plaintiffs' complaint clearly challenges Judge Dixon's rulings in the state court action. Plaintiffs allege that they "are seeking this court to address the issue of Siskiyou County Court failing to comply with the law . . . ." ECF No. 3. They further allege that "Judge Dixon violated multiple state laws demonstrating Siskiyou County [sic] continuous disregard for the law and rights of citizens and the intent to destroy the Bator family." *Id*. More significantly, plaintiffs specifically request that this court enjoin the state court's order requiring their mine and mining equipment be sold to satisfy the judgment entered against them. *Id*. at 4. Because this court lacks jurisdiction to review Judge Dixon's rulings, plaintiffs' claims against her must be dismissed.

For similar reasons, the claims against Judge Dixon are barred by judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 360-61 (1978) ("Because the court over which Judge Stump presides is one of general jurisdiction, neither the procedural errors he may have committed nor the lack of a specific statute authorizing his approval of the petition in question rendered him liable in damages for the consequences of his actions.").

Further, the dismissal should be without leave to amend. Not only does the complaint clearly demonstrates the absence of jurisdiction, but as discussed further below, plaintiffs' proposed first amended complaint does not remedy the jurisdictional deficiency. *Silva v. Di*

5

*Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted).

IV. <u>First Amended Complaint</u>

As noted above, rather than filing a response to Judge Dixon's motion, plaintiffs filed a first amended complaint, which the court construes as a motion for leave to file an amended complaint. ECF No. 15.

Because the motion to amend was filed more than 21 days after Judge Dixon moved to dismiss, plaintiffs may only amend their complaint with defendants' consent or leave of court. Fed. R. Civ. P. 15(a). Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," and the Ninth Circuit has directed courts to apply this policy with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a)(2), a court should consider the following factors: (1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Granting leave to amend must be denied because plaintiffs' amended complaint demonstrates that amendment would be futile. The amended complaint does little more than provide additional factual background regarding the state court case over which Judge Dixon presided. ECF No. 15. Like plaintiffs' original complaint, the proposed first amended complaint is limited to challenging the state court's judgment and the order requiring plaintiffs' mine and equipment to be sold. Consequently, the *Rooker-Feldman* and judicial immunity would also bar the first amended complaint's claim(s). Accordingly, plaintiffs' motion for leave to amend must be denied. *Noll v. Carlson*, 809 F.2d 1446, 1448 (1987) (while the court would normally grant a pro se plaintiff a chance to amend his complaint, the court will not grant leave to amend where it is clear that no amendment can cure the complaint's defects).

/////

6

V.     Remaining Defendant

The caption page for both the original complaint and the proposed first amended complaint lists Siskiyou County Sheriff Jon Lopey as a defendant. Despite this fact, neither complaint advances any allegations against Sheriff Lopey. Although Lopey has not appeared in this action, *sua sponte* dismissal of plaintiffs' claim(s) against Lopey is appropriate. As detailed above, plaintiffs' alleged injury stems from a state court judgment, which this court is without jurisdiction to review. *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 898-99 (9th Cir. 2003) (*Rooker-Feldman* bars federal adjudication of any suit where a plaintiff alleges an injury based on a state court judgment or directly appeals a state court's decision). Accordingly, the claim(s) against Lopey should also be dismissed without leave to amend.

VI.    Conclusion

Accordingly, it is hereby ORDERED that the April 23, 2019 order to show cause (ECF No. 14) is discharged and no sanctions are imposed.

Further, it is RECOMMENDED that:

1. Defendant Karen Dixon's motion to dismiss (ECF No. 7) be granted and plaintiffs' claim(s) against her be dismissed without leave to amend for lack of subject matter jurisdiction and for failure to state a claim;

2. Plaintiffs' claim(s) against defendant Jon Lopey be *sua sponte* dismissed without leave to amend for lack of subject matter jurisdiction;

3. Plaintiffs' motion for leave to amend the complaint (ECF No. 15) be denied; and

4. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 4, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE