UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BATOR, et al., | No. 2:19-cv-00018-TLN-EFB |
| Plaintiffs, | |
| v. | **ORDER** |
| KAREN DIXON, et al., | |
| Defendants. | |

This matter is before the Court pursuant to Plaintiff Anthony Bator's ("Plaintiff") "Motion to Set Aside Order Adopting Findings and Recommendations, and Judgement" (ECF No. 25), in which Plaintiff seeks reconsideration of the Order adopting the Findings and Recommendations to dismiss the action and deny Plaintiff's motion to amend (ECF Nos. 21–22).[1] For the reasons set forth below, Plaintiff's motion is DENIED.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff initiated this action on January 3, 2019, against Defendants Judge Karen Dixon and Siskiyou County Sheriff Jon Lopez, asserting no specific causes of action but alleging that Defendant Dixon made improper rulings against Plaintiff in a state court action. (ECF No. 1.)

---

[1] Plaintiff's motion, which seeks reconsideration of the order "filed on September 27, 2019" (ECF No. 25 at 1), appears to refer to the date the Order was signed by the District Court Judge, rather than the date of electronic filing, September 30, 2019. (*See* ECF No. 22 at 2.)

1

No factual allegations were asserted against Defendant Lopez. (*Id.*) On January 28, 2019, Defendant Dixon filed a Motion to Dismiss. (ECF No. 7.) Plaintiff requested and was granted an extension of time to oppose the motion (ECF Nos. 12–13), but ultimately failed to file any opposition.

On April 23, 2019, the magistrate judge issued an Order to Show Cause for Plaintiff's failure to file an opposition or statement of non-opposition. (ECF No. 14.) Instead of opposing the Motion to Dismiss, Plaintiff filed a "Response to Order to Show Cause" (ECF No. 17), and an "Amended Complaint and Motion for Preliminary Injunction" (ECF No. 15), which the Court construed as a motion to amend.

On September 4, 2019, the magistrate judge filed Findings and Recommendations recommending dismissal of Plaintiff's claims due to lack of subject matter jurisdiction, denial of Plaintiff's motion to amend, and further recommending that the case be closed. (ECF No. 21.) On September 16, 2019, the Findings and Recommendations intended to be served on Plaintiff was returned as "Undeliverable." On September 30, 2019, this Court adopted the Findings and Recommendations in full, dismissing the action and entering Judgment in favor of Defendants. (ECF Nos. 22–23.) That same day, Plaintiff filed a Notice of Change of Address with the Court. (ECF No. 24.)

On October 25, 2019, Plaintiff filed the instant Motion for Reconsideration, on the basis that he was unexpectedly transferred to a different prison in September 2019. (ECF No. 25.) Plaintiff requests the Court reverse its order dismissing the case and allow him adequate time to articulate multiple objections to the proposed Findings and Recommendations. (*Id.*) The Court DENIES Plaintiff's motion for the reasons stated herein.

**II.   STANDARDS OF LAW**

The Court may grant reconsideration under Federal Rules of Civil Procedure 59(e) or 60. *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). A motion to alter or amend a judgment under Rule 59(e) must be filed no later than twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e). Therefore, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within twenty-eight days of entry of

judgment; otherwise, it is treated as a Rule 60(b) motion for relief from judgment or order. *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016); *see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). Plaintiff's motion was filed within twenty-eight days of entry of judgment and is therefore construed as a motion to alter or amend the judgment under Rule 59(e).

Rule 59(e) does not list specific grounds for a motion to amend or alter, therefore the district court enjoys considerable discretion in granting or denying the motion. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011), citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999). Nevertheless, a motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell*, 197 F.3d at 1255. Further, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co.*, 634 F.3d at 1111.

**III. ANALYSIS**

Plaintiff fails to advance any argument that establishes he is entitled to relief under Rule 59(e). More specifically, Plaintiff's motion fails because he alleges neither new evidence nor an intervening change in the controlling law; nor does he identify any errors of law or fact in the judgment. *McDowell*, 197 F.3d at 1255. Similarly, Plaintiff states he intends to raise numerous objections to the Findings and Recommendations, but he does not identify what those objections are. (ECF No. 25 at 3.) At most, Plaintiff argues he did not receive the Findings and Recommendations, and therefore did not have the opportunity to object to them, because he was

unexpectedly transferred to a different prison at the beginning of September 2019. (*Id.* at 2.) The Court finds this argument unpersuasive.

As noted in the Findings and Recommendations, the Court properly attempted to serve Plaintiff with its Findings and Recommendations. Local Rule 182(f) places Plaintiff under a continuing obligation to inform the Court of any change of address. E.D. Cal. L.R. 182(f). Absent such notice, service of the Court's orders is considered fully effective. *Id.* Plaintiff knew Defendant's Motion to Dismiss (ECF No. 7) was submitted without appearance and was pending before the court. Under these circumstances, Plaintiff's failure to timely update his mailing address in compliance with the Local Rules does not warrant the extraordinary relief he seeks under Rule 59(e). *See, e.g.*, *Royal v. Hofer*, No. 2:07-cv-00474-GEB-DAD-P, 2009 WL 2424589 (E.D. Cal. Aug. 6, 2009) (denying reconsideration of dismissal for failure to comply with court orders, where delay resulted from plaintiff's failure to update address with court); *see also In re Hammer*, 940 F.2d 524, 526 (9th Cir. 1991) (denying motion to set aside default judgment under Rule 60(b), on basis that *pro se* party was responsible for apprising the court of his forwarding address and received constructive notice of the filing to which he failed to respond).

Further, in light of the dismissal of this action for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine[2] and judicial immunity (*see* ECF No. 21 at 4–6), the Court is persuaded that the result would be no different if the order was vacated and Plaintiff was permitted additional time to submit his (unidentified) objections. For these reasons, Plaintiff's Motion for Reconsideration must be DENIED.

///

---

[2] The *Rooker-Feldman* doctrine bars jurisdiction in federal district court if the exact claims raised in a state court case are raised in the subsequent federal case, or if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's denial of relief. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898–99 (9th Cir. 2003), quoting *D.C. Court of Appeals v. Feldman*, 460 U.S. 562, 483 n. 16 (1983). In addition to recommending dismissal of the action under this basis, the Findings and Recommendations also recommended denial of Plaintiff's Motion to Amend (ECF No. 15), on the basis that Plaintiff's proposed amendments were futile. (ECF No. 21 at 6, citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (1987) (holding that, while the court would normally grant a *pro se* plaintiff a chance to amend his complaint, it will not grant leave to amend where it is clear that no amendment can cure the complaint's defects).)

### IV. CONCLUSION

Plaintiff has failed to advance any argument or new facts, circumstances, or controlling law to warrant the extraordinary relief he seeks under Rule 59(e). Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 25) is DENIED.

IT IS SO ORDERED.

Dated: January 30, 2020

Troy L. Nunley<br>
United States District Judge