UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BATOR, et al., | No. 2:19-cv-00018-TLN-EFB |
| Plaintiffs, | |
| v. | **ORDER** |
| KAREN DIXON, et al., | |
| Defendants. | |

This matter is before the Court pursuant to Plaintiff Anthony Bator's ("Plaintiff") "Motion/Request for Court to Correct Errors in Conclusions in Order Dated January 30, 2020/Motion to Reconsider/Judicial Notice" (ECF No. 27), which this Court construes as a motion for reconsideration of the dismissal of his action. This is Plaintiff's second motion of this kind. For the reasons set forth below, Plaintiff's motion is DENIED.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this action on January 3, 2019, against Defendants Judge Karen Dixon and Siskiyou County Sheriff Jon Lopez, asserting no specific causes of action but alleging that Defendant Dixon made improper rulings against Plaintiff in a state court action. (ECF No. 1.) No factual allegations were asserted against Defendant Lopez. (*Id.*)  The action was ultimately dismissed on September 30, 2019, for lack of subject matter jurisdiction. (ECF No. 21.)

On October 25, 2019, Plaintiff filed his first Motion for Reconsideration. (ECF No. 25.) The Court denied Plaintiff's motion on January 31, 2020, on the basis that Plaintiff failed to identify any new evidence, intervening change in the controlling law, or any errors of law or fact in the judgment to warrant the extraordinary relief of reconsideration. (ECF No. 26.)  On March 4, 2020, Plaintiff filed the instant Motion for Reconsideration. (ECF No. 27.)  The Court DENIES Plaintiff's motion for the reasons stated herein.

## II. STANDARDS OF LAW

The Court may grant reconsideration under Federal Rules of Civil Procedure 59(e) or 60. *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995).  A motion to alter or amend a judgment under Rule 59(e) must be filed no later than twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e).  Therefore, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within twenty-eight days of entry of judgment; otherwise, it is treated as a Rule 60(b) motion for relief from judgment or order. *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016); *see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

Rule 59(e) does not list specific grounds for a motion to amend or alter, therefore the district court enjoys considerable discretion in granting or denying the motion. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011), citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999).  Nevertheless, a motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell*, 197 F.3d at 1255.  Further, "[a] motion for reconsideration may *not* be used to

raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co. (Marlyn)*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co.*, 634 F.3d at 1111.

Under Rule 60(b), the Court may relieve Plaintiff from final judgment for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

A motion based on Rule 60(b) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). With respect to subsections (1), (2), and (3), the motion must be filed "no more than a year after the entry of judgment or order or the date of the proceeding." *Id.* Rule 60(b)(6) goes further, empowering the court to reopen a judgment even after one year has passed. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). However, subsections (1) through (3) are mutually exclusive of subsection (6), and thus a party who failed to take timely action due to "excusable neglect" may not seek relief more than a year after the judgment by resorting to subsection (6). *Id.* (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, and n. 11 (1988)).

Furthermore, relief pursuant to Rule 60(b)(6) is to be granted "sparingly as an equitable remedy to prevent manifest injustice." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010). To justify such relief, a litigant must demonstrate "'extraordinary circumstances' suggesting that the

party is faultless in the delay." *Pioneer Inv. Servs. Co.*, 507 U.S. at 393; *see also Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162*, 937 F.2d 408, 410 (9th Cir. 1991) (citing *United States v. Sparks*, 685 F.2d 1128, 1129 (9th Cir.1982)).

### III. ANALYSIS

Plaintiff does not identify any legal authority in support of his motion, nor does he specify the relief he seeks. Based on the title of Plaintiff's motion, he appears to seek reconsideration of the Court's January 31, 2020 Order (ECF No. 26), which denies Plaintiff's prior Motion for Reconsideration (ECF No. 25). Nevertheless, the body of Plaintiff's motion appears to address every prior order issued in this action.[1] (*See, generally*, ECF No. 27.) Regardless, applying the standard for reconsideration set forth under either Federal Rule of Civil Procedure 59(e) or Rule 60(b), Plaintiff's motion must be denied.

Plaintiff asserts every ruling made against him during the course of this litigation was made in error because the Court has chosen to promote form over substance. (*See, e.g.*, ECF No. 27 at 1–2.) This appears to be an argument that the Court improperly dismissed Plaintiff's action due to superficial pleading deficiencies and/or applied the incorrect law. Plaintiff is mistaken. Plaintiff's action was dismissed because, as a matter of law, the *Rooker-Feldman* doctrine[2] and doctrine of judicial immunity divest this Court of jurisdiction over Plaintiff's claims. (*See* ECF

---

[1] Plaintiff's motion, though electronically filed on March 4, 2020, is dated February 9, 2020, and the proof of service is dated February 8, 2020. Applying the "prison mailbox rule" to either February date, Plaintiff's motion was filed within twenty-eight days of the Court's January 31, 2020 Order (ECF No. 26) and is therefore construed as a motion to alter or amend the judgment under Rule 59(e). *See Douglas v. Noelle*, 567 F.3d 1103, 1106–07 (9th Cir. 2009) (a *pro se* prisoner's pleading is deemed filed at the time he delivers it to prison authorities for forwarding to the court clerk); *see also Jenkins v. Johnson*, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003) (date petition is signed may be considered earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule). However, to the extent Plaintiff seeks reconsideration of the Court's September 30, 2019 Order dismissing this action (ECF No. 22), or any order issued prior to that date, Rule 60(b) applies.

[2] The *Rooker-Feldman* doctrine bars jurisdiction in federal district court if the exact claims raised in a state court case are raised in the subsequent federal case, or if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's denial of relief. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898–99 (9th Cir. 2003), quoting *D.C. Court of Appeals v. Feldman*, 460 U.S. 562, 483 n. 16 (1983).

4

No. 21 at 4–5.)  Moreover, the action was dismissed with prejudice because any proposed amendments were futile.  (*See* ECF No. 21 at 6); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (1987) (holding that, while the court would normally grant a *pro se* plaintiff a chance to amend his complaint, it will not grant leave to amend where it is clear that no amendment can cure the complaint's defects).  Plaintiff's first motion for reconsideration (ECF No. 25) was denied on the aforementioned substantive bases, as well as the fact that Plaintiff was responsible for his own failure to timely object to the Findings and Recommendations which recommended dismissal (ECF No. 21).  (*See* ECF No. 26 at 3–4); E.D. Cal. L.R. 182(f) (a plaintiff is under a continuing obligation to inform the Court of any change of address); *see also United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984), *cert. denied*, 469 U.S. 1165 (1985) (*pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor).

Plaintiff's instant motion provides no basis — legal or otherwise — compelling a different result.  Plaintiff yet again fails to identify any newly discovered evidence, intervening change in the controlling law, or errors of law or fact in the judgment.  While Plaintiff argues the application of the *Rooker-Feldman* doctrine and doctrine of judicial immunity was inappropriate (ECF No. 27 at 3), he identifies no legal authority to support this contention.  Nor does he provide argument or authority to support an alternative legal analysis of his claims.  In sum, Plaintiff does not demonstrate any "extraordinary circumstances' warranting the relief he seeks.  *McDowell*, 197 F.3d at 1255; *Keeling*, 937 F.2d at 410.  Furthermore, to the extent Plaintiff is simply re-litigating issues he previously asserted, or could have asserted earlier in the litigation, such arguments cannot form the basis for a motion for reconsideration.  *See Marlyn*, 571 F.3d at 880.  Therefore, under either Rule 59(e) or Rule 60(b), Plaintiff fails to establish reconsideration is warranted.  *Allstate Ins. Co.*, 634 F.3d at 1111; *Keeling*, 937 F.2d at 410.  Accordingly, Plaintiff's Motion for Reconsideration must be DENIED.

/ / /

/ / /

/ / /

/ / /

5

**IV.    CONCLUSION**

Based on the foregoing reasons, Plaintiff's Motion for Reconsideration (ECF No. 27) is DENIED.

IT IS SO ORDERED.

DATED: June 15, 2020

                                              Troy L. Nunley
                                              United States District Judge